## Henley Wilkinson v. John H. Adams.

1. VERDICTS—*Sustained by the Evidence.*—It is the province of the jury and the trial court to reconcile conflicting evidence, and in this case the court can not say that their findings are against the weight of the evidence.

2. INSTRUCTIONS—*Error Without Injury.*—Where a verdict is in accordance with the clear weight of the evidence, minor inaccuracies in an instruction will not be ground for a reversal.

**Assumpsit**, for board, lodging, etc.    Appeal from the Circuit Court of Greene County; the Hon. GEORGE W. HERDMAN, Judge, presiding.    Heard in this court at the May term, 1897.    Affirmed.    Opinion filed December 2, 1897.

MARK MEYERSTEIN, attorney for appellant.

H. O. TUNISON and THOMAS HENSHAW, attorneys for appellee.

MR. JUSTICE BURROUGHS DELIVERED THE OPINION OF THE COURT.

This is an action of assumpsit brought by appellee against appellant to recover for boarding and lodging of one George Collins, and livery hire furnished said Collins by appellee, all at the procurement and direction of appellant, and at a price agreed to between appellee and appellant before the same was furnished.    Appellant pleaded the general issue.

Upon the trial of this case in the court below, appellee swore to the contract made between himself and appellant under which he furnished his salesman, Collins, the board, lodging and livery teams in question, used by said Collins while canvassing for appellant to sell nursery stock for him in Bond county, Illinois, where appellee lives; he was also corroborated as to the material facts in issue, on the trial, by one Armstrong, a friend of appellant, who lives in Bond county, Illinois, and upon whose recommendation appellant took his salesman, Collins, to appellee's hotel in Greenville,

Illinois, to board. Now against these two witnesses we have the evidence of appellant alone, denying that he promised appellee to pay for Collins' board, lodging and livery while canvassing for him. To reconcile this conflict in the evidence, is the province of the jury and trial court, and in this case, we can not say their findings are against the weight of the evidence, but in accordance therewith.

Appellant complains of the court below giving to the jury improper instructions at the request of appellee. We have examined the said instructions complained of, and find none of them contain reversible error; it is true that plaintiff's fourth instruction contains some inaccuracies, and it ought not to have been given, but we are satisfied the jury were not misled by it, inasmuch as their verdict is in accordance with the clear weight of the evidence.

Inasmuch, therefore, as the judgment of the court below, in our opinion, on the whole record is right, we affirm it. Judgment affirmed.